| DISTRICT | OFF. | DOCKET NO. YR-NUMBER | FILING DATE MO. DAY | NATURE | DIV. | R DEMAND PLTF | DEF | JUDGE | MAG. | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1127 | 2 | 87T 1162 N | 4 03 06 87 | 3 441 | | 1 | 3 | 2706 | 27BC | 01007 | | 87T1162N |

**CAUSE:**

| PLAINTIFFS | | DEFENDANTS |
|---|---|---|
| JOHN DILLARD; DAMASCUS CRITTENDEN, JR.; EARWEN FERRELL; CLARENCE J. JARRELLS; ULLYSSES MC BRIDE; and LOUIS HALL, JR. | v | BIBB COUNTY COMMISSION |

**CAUSE**
(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE
IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

42 USC §§ 1973 and 1983; Alleged violation of Section 2 of Voting Rights Act thru use of at-large election system.

THOMPSON
COODY

**ATTORNEYS**

James U. Blacksher
~~465 Dauphin Street~~
~~Mobile, AL 36602~~
~~433-2000~~

5th Fl Title Bldg
300 21st St North
Birmingham, AL 35203
322-1100

~~Larry Menefee~~
~~5th Floor, Title Bldg.~~
~~300 21st Street, N~~
~~Birmingham, AL 35203~~
~~322-7300/322-7313~~  (Per 9/1/88 Notice)

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, AL 35233-2810
322-6631

Julius L. Chambers
~~Lani Guinier~~ Scherlyn Ifill
~~Pamela Karlan~~  (Per 9/1/88 Notice)
NAACP Legal Defense Fund
99 Hudson Street
16th Floor
New York, NY 10013 [212 219-1900]

Proposed redistricting plan & all related matters referred to Magistrate Judge Coody.

5-11-92

~~Don Siegelman~~ Jimmy Evans
Alabama Attorney General

~~Susan Russ~~ Mort P. Ames
Assistant Attorney General
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
261-7406

~~David Boyd~~
~~BALCH & BINGHAM~~
~~P. O. Box 78~~
~~Montgomery, AL 36101~~
834-6500

Clarence T. Hellums, Jr.
P. O. Box 188
Centreville, AL 35042
926-4674

| | CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | DATE | | |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT DOCKET

**STATISTICAL CARDS**

| C.D. NUMBER | CARD | DATE MAILED |
|---|---|---|
| | | 3/5/9? |
| | JS-5 | 12/5/87 |
| | JS-6 | 7/5/88 |
| | | 6/5/9? |

DC-111 (Rev: 1/87)

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| | | THIS CASE IS A DERIVATIVE OF 85-T-1332-N, JOHN DILLARD; et al. v. CRENSHAW COUNTY, ALABAMA, etc., et al. FOR THE PURPOSE OF ORDERS THAT RELATE TO THIS CASE PRIOR TO 8/17/87 SEE DILLARD CASE FILE AND DOCKET SHEET. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET (Atty Clarence T. Hellums, Jr.)

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD, Et Al | CRENSHAW COUNTY, AL., Et Al<br>RE: BIBB COUNTY COMMISSION | PAGE ___ OF ___ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 17 | | ORDER assigning defendant subclass Option A to Bibb County Commission in accordance with paragraph 5 of Interim Consent Decree. (Copies mailed Counsel; furnished Magistrate Carroll). EOD 8/17/87 |
| | 17 | Defendant class member Bibb County Commission's motion to dismiss. Referred to Judge Thompson. |
| | 20 | ORDER setting Bibb County Commission's 8/17/87 motion to dismiss for submission, without oral argument on 9/18/87 with briefs due by said date. (Copies mailed to counsel; furnished Magistrate Carroll). EOD 8/20/87 |
| | 24 | Attorney Clarence T. Hellums, Jr.'s motion for admission to practice pro hac vice. Referred to Judge Thompson. |
| | 26 | ORDER granting motions, request, application and petition to practice pro hac vice filed on 8/24/87 by Hons. Clarence T. Hellums, Jr., Charles R. Stephens, G. Warren Laird, Jr., Woodford W. Dinning, Jr., Nicholas H. Cobbs, Jr., and Otis R. Burton, Jr., the petition and request for admittance to practice pro hac vice filed on 8/25/87 by Hons. James E. Turnbach and O. Stanley Thornton, and the petitions and motion for admission pro hac vice filed on 8/26/87 by Hons. John T. Ennis, Sr., E. Allen Dodd, Jr., and William C. Brewer, III. (Copies mailed to counsel.) EOD 8/26/87. (Cy furnished Magistrate Carroll.) |
| Sep. 14 | | ORDER as follows: (1) by **9/17/87** the plaintiff class shall serve and file, individually with respect to each jurisdiction which is a member of subclass A, a **detailed statement of the plaintiffs' claims**; (2) not later than **9/25/87**, the respective jurisdictions which are members of subclass A shall individually **respond to the statement filed by the plaintiff class** pursuant to paragraph one; (3) a **status conference** will be held **Tuesday, 9/29/87** at 2:00 p.m., federal courthouse, Montgomery; (4) at the status conference, the subclass A jurisdictions should be prepared to nominate to the court a person to serve as liaison counsel for subclass A; (5) other matters, including scheduling of trials of liability and remedy issues for subclass A jurisdictions, will be addressed at the status conference; (6) the Clerk is DIRECTED to send a copy of this order to all jurisdictions which are members of subclass A. (Copies mailed to counsel, including counsel for subclass A jurisdictions; furnished Magistrate Carroll.) EOD 9/14/87. |
| | 17 | Plaintiffs' brief in opposition to the motion to dismiss filed by the Bibb County Commission. |
| | 18 | Plaintiffs' statement of claim against Subclass A member Bibb county Commission. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| | 18 | ORDER resetting defendant Bibb County Commission's 8/17/87 motion to dismiss for submission, without oral argument, on 9/29/87, defendant's brief due by 9/25/87 and plaintiffs' brief due by 9/29/87. (Copies mailed to counsel.) EOD 9/18/87. |
| | 28 | Defendant Bibb County Commission's brief in support of motion to dismiss. Referred to Judge Thompson |

```
DC 111A                                                            OPTION A
(Rev. 1/75)                                                               B
                          CIVIL DOCKET CONTINUATION SHEET    (Atty Clarence Hellum, Jr.)
```

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al.<br>RE: BIBB COUNTY COMMISSION | 85-T-1332-N<br>DOCKET NO. _____<br>PAGE ___ OF ___ PAGES |

| DATE<br>1987 | NR. | PROCEEDINGS |
|---|---|---|
| Sep. 30 | | NOTICE OF PRETRIAL HEARING ORDER setting **pretrial hearing** in Montgomery on 1/4/88, at 2:30 p.m. (Copies mailed to counsel, including main counsel; furnished Magistrate Carroll.) EOD 10/1/87. |
| 30 | | **ORDER** allowing the parties until **1/4/88**, to complete discovery and to exchange lists of witnesses and exhibits; allowing parties until **11/1/87**, to file dispositive motions; directing plaintiffs and each subclass A jurisdiction to draft and exchange proposed redistricting plans by **1/4/88**. (Copies mailed to main counsel and counsel for subclass A jurisdictions; furnished Magistrate Carroll.) EOD 10/1/87. |
| Oct. 2 | | Plaintiffs' suggestions for designation of defendant Subclass A representatives and Liason Counsel. Referred to Judge Thompson. (Cy furnished Magistrate Carroll. |
| 5 | | ORDER allowing all subclass A members 7 days from the date of this order to file responses to plaintiff's suggestions for designation of defendant Subclass A representatives and liaison counsel. (Copies mailed to counsel.) EOD 10/6/87. |
| 8 | | ORDER denying the Bibb County Commission's 8/17/87 motion to dismiss; allowing defendant 7 days from the date of this order to indicate to the court in writing it has elected to shift to "option B" pursuant to the 7/13/87 interim consent decree. Further ORDERED that should said defendant shift to 'option B' it must comply with 9/14/87 order applicable to all subclass B members, a copy of which is attached. As to Bibb County Commission, this subclass B order would supercede all prior administrative and procedural orders previously entered as to the commission. (Copies mailed to counsel.) EOD 10/8/87. (Cy furnished Magistrate Carroll.) |
| 13 | | Plaintiffs' amendment to suggestions for designation of defendant subclass A representatives and liaison counsel. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 14 | | ORDER allowing all subclass A members 7 days from the date of this order to file responses to plaintiffs' 10/13/87 amendment to suggestions for designation of defendant subclass A representatives and liaison counsel. (Copies mailed to counsel.) (Cy furnished Magistrate Carroll.) EOD 10/14/87. |
| 16 | | Plaintiffs' request for admissions. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 20 | | ORDER and JUDGMENT (1) DIRECTING counsel for plaintiffs and counsel for all Subclass A members to file with the clerk all discovery materials relating to Subclass A members; and (2) DIRECTING clerk to accept all such discovery materials. (Copies mailed to counsel.) EOD 10/21/87. |
| Nov. 9 | | Defendant's election of **Option B.** |
| 9 | | Defendant's remedy proposal. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET   (Atty Clarence Hellum, Jr.)

| PLAINTIFF | DEFENDANT | | |
|---|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. RE: BIBB COUNTY COMMISSION | DOCKET NO. | 85-T-1332-N 87-T-1162-N |
| | | PAGE 4 OF ___ PAGES | |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Nov. 9 | | ORDER **transferring** Bibb County Commission from defendant Subclass A **to Subclass B**, upon consideration of defendant's 11/9/87 election of options; directing that said defendant is subject to the October 20 and 30, 1987 order of the court regarding Subclass B, copies of which are attached; allowing plaintiffs until 11/23/87 to comply with the court's 9/14/87 order, it appearing that said defendant has already complied. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/9/87. |
| 10 | | Plaintiffs' submission of remedy proposals. Referred to Judge Thompson. Copies furnished Magistrates Carroll and Coody. |
| 16 | | Bibb County Commission's remedy proposal. Referred to Judge Thompson. Copy furnished Magistrate Carroll. |
| 18 | | Affidavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwan Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N.) |
| 18 | | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affidavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/18/87. |
| 1988 | | |
| Jan. 26 | | Magistrate Carroll's ORDER FOR CERTAIN SUBCLASS B JURISDICTIONS that Subclass B jurisdictions which have agreed upon a remedy, but have not submitted settlement documents shall, by **2/12/88,** file with the court either (1) and appropriate package of settlement documents; or (2) a detailed explanation of the reason for the jurisdiction's inability to submit settlement documents by that date; that all Subclass B jurisdictions which have not reached a settlement, and which are not already set for a remedy hearing, shall, by **2/12/88,** file with the court a statement advising the court of the jurisdiction's case status so that the court may schedule remedy hearings where appropriate; that, at or before the time of any hearing to ascertain fairness of proposed settlement agreement, the jurisdiction shall file with the court or the Attorney General evidence (affidavit of publication) that notice to class has been published in accordance with the court's order requiring same and a copy of the letter from the Attorney General of the United States granting preclearance of the proposed remedy under Section 5 of the Voting Rights Act of 1965, 42 USC 1973c. (Copies mailed to counsel.) EOD 1/27/88. |
| Feb. 4 | | Defendant's statement as to status. Referred to Magistrate Carroll. |
| 18 | | Plaintiffs' **remedy** submission filed pursuant to order of 9/14/87, with attachment. (Maps in separate binder.) Referred to Magistrate Carroll. |

DC 111A
(Rev. 1/75)

**CIVIL DOCKET CONTINUATION SHEET**

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1162-N |
|---|---|---|
| JOHN DILLARD: et al. | BIBB COUNTY COMMISSION | PAGE 5 OF ____ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Feb. 22 | | Defendant's motion for instructions, pre-trial conference or stay of elections. Attachments. Referred to Judge Thompson. |
| 23 | | Magistrate Carroll's ORDER (1) setting a **hearing** on the remedy issue on **3/8/88** at 9:30 a.m., 4th floor courtroom, U. S. Courthouse and Federal Building, Montgomery, Alabama; and (2) directing that the parties inform the court, on or before 3/1/88, as to the suggested order of these hearings and the length of time of the hearings. (Copies mailed to counsel.) EOD 2/25/88. |
| 26 | | Magistrate Carroll's ORDER setting a **pretrial conference** on Wednesday **3/2/88** at 4:00 p.m., Room 420, United States Courthouse and Federal Building, Montgomery. (Copies mailed to counsel.) EOD 2/26/88. |
| Mar. 2 | | Magistrate Carroll's OSRDER setting remedy **hearing** on Tuesday, **3/8/88** at 11:00 a.m., 4th floor Courtroom, United States Courthouse and Federal Building, Montgomery. (Copies mailed to counsel.) EOD 3/4/88. |
| 4 | | Defendant's <u>amended</u> remedy proposal. Referred to Magistrate Carroll. |
| 9 | | **Remedy hearing.** |
| 9 | | Courtroom Deputy's minutes of 3/9/88 proceeding; lists of witnesses and exhibits attached. |
| 22 | | Parties' joint motion for notice and approval of proposed compromise and settlement. (Proposed first order tentatively approving compromise and requiring notice to the class, proposed notice to class, proposed finding and recommendation of the Magistrate, proposed final order approving settlement and proposed consent decree, with exhibits, attached.) Referred to Magistrate Carroll and Judge Thompson. |
| 23 | | FIRST ORDER TENTATIVELY APPROVING COMPROMISE AND REQUIRING NOTICE TO THE CLASS directing the defendant to cause the notice attached to this order to be published in The Centreville Press once a week for 3 successive weeks prior to 4/15/88; directing that maps of the districts shall be displayed in the City Hall during normal business hours; ordering that copies of the attached notice be provided by the defendant to representatives of all local media and to any black community organizations who may request a copy thereof; DIRECTING the Magistrate to conduct a hearing for considering any objections by members of the plaintiff class to the proposed compromise and settlement. The **hearing** shall be held in the federal courthouse, Montgomery, Alabama, on **4/29/88** at 2:00 p.m. (Notice attached requires objections to be filed by 4/26/88.) (Copies mailed to counsel.) EOD 3/23/88. |
| 23 | | ORDER enjoining the Bibb County Commission, etc., from failing and refusing to conduct elections in accordance with plan submitted by the parties to the court. The court also orders that qualifying for party nomination pursuant to this plan shall be extended until 4/18/88 at 6:00 p.m., and party chairmen shall certify the list candidates for nomination to the probate judge not later than 4/19/88 at 5:00 p.m. (Copies mailed to counsel.) EOD 3/18/88. |
| Apr. 22 | | Plaintiffs' motion for award of attorneys fees and expenses from members of subclasses B and C. Referred to Judge Thompson. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1162-N |
|---|---|---|
| JOHN DILLARD; et al. | BIBB COUNTY COMMISSION | PAGE 6 OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 22 | | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. Referred to Judge Thompson. |
| 28 | | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, <u>all</u> Subclass B and C defendants--except Baldwin County Board of Education and City of Lisman] as follows: 1. Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2. By **5/16/88** liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3. Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by **5/30/88** provide liaison counsel with a statement of its objection. 4. On or before **6/10/88** liaison counsel shall file with the court any objections, along with evidentiary materials supporting such objections, etc. 5. By **6/24/88** plaintiffs shall file their brief in support of their motion for fees. 6. By **7/1/88** liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7. A **hearing** on the plaintiffs motion for fees will be conducted on **7/8/88** at 10 a.m.; defendant jurisdictions to be represented by liaison counsel. 8. By **6/10/88** liaison counsel shall also file with the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |
| 29 | | **hearing - proposed settlement**. |
| 29 | | Courtroom Deputy's minutes of hearing; witness list attached. |
| May 12 | | Defendant's proof of publication. Referred to Judge Thompson. |
| 17 | | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and orders regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| Jun 7 | | Received cy of U. S. Department of Justice's ltr to defendant re preclearance. Referred to Magistrate Carroll. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1162-N |
|---|---|---|
| JOHN DILLARD: et al. | BIBB COUNTY COMMISSION | PAGE 5 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 1988 | | |
| Jun 10 | | Magistrate Carroll's FINDING AND RECOMMENDATION that the Court give immediate final approval of the proposed consent decree. (Copies mailed to counsel.) EOD 6/10/88. |
| 10 | | FINAL ORDER APPROVING SETTLEMENT (1) approving and adopting the recommendation of the Magistrate; and (2) approving finally the proposed consent decree previously submitted by parties. (Copies mailed to counsel.) EOD 6/10/88. |
| 10 | C | CONSENT DECREE **ENJOINING** defendant, its agents, etc., from conducting the elections for the Bibb County Commission under the present at-large election system. FURTHER **ENJOINING** as follows: (1) Elections shall be conducted from 5 single-member districts; maps and description attached; members elected shall continue to serve 4 year staggered terms. (2) Elections from single-members districts to be conducted as set out in order. (3) Following final approval of plan by Court, the Bibb County Commission shall request the Legislature of Alabama to enact the finally approved single-member district plan as state law; the finally approved court-ordered plan shall remain in effect only until the Legislature, etc., adopts a plan which meets the requirements of the law and Constitution of the United States. (4) The parties desire that black citizens of Bibb County have an opportunity to elect a representative of their choice. Accordingly, the court will retain jurisdiction of this matter until 12/31/93 to assure adequacy of this remedy. (5) The plaintiffs are prevailing parties for purpose of award of attorneys' fees, etc. (6) The Probate Judge will no longer serve as chairman of county commission. Each member of commission will have an equal opportunity to serve as chairman. the county commission shall adopt a policy that by rotating the duties of the chair will allow each commissioner the opportunity to serve as chair on an equal basis if the commissioner so desires. (Copies mailed to counsel.) EOD 6/10/88. |
| Sep 1 | | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |
| 1989 | | |
| Aug 25 | | Plaintiffs' motion for order to show cause. Referred to Judge Thompson. |
| Sep 5 | | ORDER that defendant Bibb Co. Commission show cause, if any, within 14 days from the date of this order as to why plaintiffs' 8-25-89 motion should not be granted. (Copies mailed to counsel.) EOD 9-5-89. |
| 25 | | Plaintiffs' notice of satisfaction of fee judgment. Referred to Judge Thompson. |
| Oct 2 | | ORDER that plaintiffs' request that defendant be held in civil contempt is denied as moot. (Copies mailed to counsel.) EOD 10-2-89. |
| 1992 | | |
| Jan. 27 | | Plaintiffs' **motion** for additional relief with respect to redistricting and the 1992 elections. Referred to Judge Thompson. **DENIED 5/28/93.** |
| Feb 6 | | **ORDER** that defendant jurisdictions show cause in writing, if any, as to why motion for additional relief, filed by plaintiffs on 1-27-92, should not be granted. (Copies mailed to counsel.) EOD: 2-7-92 |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET (Atty. Clarence T. Hellums, Jr.)

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1162-N |
|---|---|---|
| JOHN DILLARD, et al. | BIBB COUNTY COMMISSION | PAGE 6 OF ___ PAGES |

| DATE 1992 | NR. | PROCEEDINGS |
|---|---|---|
| Feb. 24 | | **ORDER** that David R. Boyd is removed as liaison counsel for defendant subclasses B and C; further **ORDERED** that Mort P. Ames, Deputy State Attorney General is appointed liaison counsel for defendant subclasses B and C; further **ORDERED** that no later than 03/06/92 plaintiffs and liaison counsel (1) shall meet with each other to develop procedures as to how the court should proceed in light of responses from defendant subclasses B and C, and (2) shall submit such procedures to the court. |
| Feb. 26 | | Plaintiffs' **motion** to join attorney general as defendant. Referred to Judge Thompson. |
| Mar. 2 | | **ORDER** that the State Attorney General show cause, if any, in writing within ten days as to why said motion to join Attorney General of Alabama as an additional defendant should not be granted. |
| Mar. 3 | | Defendant's **response** to show cause order. Referred to Judge Thompson. (Exhibits attached.) |
| | 12 | Attorney General James H. Evans' **response** in opposition to plaintiffs' motion to join. Referred to Judge Thompson. |
| | 20 | **Proposal** of plaintiffs and liaison counsel. Referred to Judge Thompson. |
| Apr 9 | | ORDER adopting the following Status Groups of cases: J - Jurisdiction claims no need to redistrict but has not provided sufficient data to pltfs or court; K - Jurisdiction claims no need to redistrict; has provided date on plan to pltfs; pltfs are reviewing plan; L - Jurisdiction admits need to redistrict, but has not provided sufficient data to pltfs or court; M - Jurisdiction admits need to redistrict; data provided; pltfs are reviewing plan; N - Jurisdiction says that it is checking data to see if it needs to redistrict; O - Jurisdiction has made no response to Court's order of 2-2-92; P - Jurisdiction's plan has been precleared by U. S. Dept. of Justice and pltfs have no objections; Q - Jurisdiction has made some other response; R - Pltfs have agreed to jurisdiction's plan; S - Pltfs object to jurisdiction's plan; T - Jurisdictions which contend the court should not be exercising jurisdiction over them, or which have reserved consideration of the jurisdictional issue; U - Jurisdictions which were already involved in the redistricting process prior to filing of motion for additional relief; further that any jurisdiction disputing its placement in its Status Group as set out in order should consult with pltfs' counsel first to resolve the matter; that all county commissions and school boards present a plan to the court (or otherwise respond) by 4-27-92; that Status Group J submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that Status Group L submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the juris- diction's decision; that those jurisdictions disputing the jurisdiction of the court to hear this matter should file their objections by the same date; that all municipalities submit a plan to the court by 5-8-92; that Status Groups J & L |

**CONTINUED**

DC 111A
(Rev. 1/75)

**CIVIL DOCKET CONTINUATION SHEET**

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD | BIBB CO. COMMISSION | DOCKET NO. 87-T-1162-N |
| | | PAGE 7 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| Apr 9 | | **CONTINUED:** submit sufficient data to allow pltfs to make a determnation whether they oppose or support the jurisdiction's decision; that those jurisdictions which dispute the jurisdiction of the court to hear this matter should file their objections by the same date; that pltfs will review the plans of jurisdictions within 30 days and shall inform the court of their support or opposition; that if pltfs inform the court of their support or non-opposition to the plan of a jurisdiction the court will consider the plan as having been submitted for approval; that if pltfs inform the court of the opposition to a plan, the court will set the matter for an individual determination as further set out; that all documents filed with court be served upon Edward Still, James Blacksher and Mort Ames; that within 10 days of the date of this order liaison counsel will notify deft jurisdictions which have not responded to the 1-27-92 court order that they must show cause why pltfs' motion for additional relief should not be granted. (Copies mailed to counsel.) EOD 4-9-92. |
| | 9 | ORDER that pltfs' motion to join Atty. Gen. as a deft is denied. (Copies mailed to counsel.) EOD 4-9-92. |
| | 13 | Deft's second response and motion to dismiss or alternatively to transfer to Northern District. Referred to Judge Thompson. |
| May 6 | | Defendant's **motion** to approve plan as submitted. Referred to Judge Thompson. **DENIED 5-12-92.** |
| | 8 | Plaintiff's objection to defendant's proposed plan. Referred to Judge Thompson. |
| | 11 | **ORDER** referring defendant's proposed redistricting plan and all other related matters to U.S. Magistrate Judge Charles S. Coody for either disposition or recommendation. (Copies mailed to counsel.) |
| | 11 | Plaintiff's **response** to defendant's motion to approve plan as submitted. Referred to Judge Thompson. |
| | 12 | **ORDER** denying defedant's motion to approve plan. (Copies mailed to counsel). |
| | 14 | Magistrate Judge Coody's **ORDER** that parties jointly notify the court when the issue(s) raised in the plaintiffs' objections are ready for hearing or other appropriate proceedings. (Copies mailed to counsel.) |
| **1993** | | |
| May 28 | | **ORDER** denying without prejudice plaintiffs' motion for further relief filed 1/27/93, with leave to renew at a later time; that, if renewed, the motion shall relate back to the original motion of 1/27/92, and shall be subject to all orders, pleadings, agreements, etc., entered into by the parties since 1/27/92; that the court retains jurisdiction in all the above cases. (Copies mailed to counsel.) |

*closed*